IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **REID FRIEDMAN, on behalf of himself and all others similarly situated,** | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:11-cv-02098-O |
| **PENSON WORLDWIDE, INC. et al.,** | § § § | |
| Defendants. | § § § | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

Before the Court is Plaintiff's Motion for (I) Preliminary Approval of Settlement; (II) Preliminary Certification of the Settlement Class; (III) Approval of Form and Manner of Notice; and (IV) Appointment of Settlement Administrator (ECF No. 74), filed December 28, 2012. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff seeks an order approving the settlement of the above-captioned securities class action (the "Action") in accordance with the Stipulation of Settlement among Lead Plaintiff Reid Friedman ("Lead Plaintiff") and the other members of the Settlement Class; and Defendants Penson Worldwide, Inc. ("Penson"); Philip A. Pendergraft ("Pendergraft"); Kevin W. McAleer ("McAleer"), Roger J. Engemoen, Jr. ("Engemoen"), Daniel P. Son ("Son"), Thomas R. Johnson, ("Johnson"); BDO Siedman, LLP and BDO USA, LLP ("BDO") (collectively "Defendants"), dated December 28, 2012 (the "Stipulation"), which, together with the Exhibits annexed thereto, set forth the terms and conditions for a proposed settlement of the Action as to the Defendants (the "Settlement") and for dismissal of the Action with prejudice as to the Defendants.

The Stipulation provides for the conditional certification of the Settlement Class solely for purposes of the Settlement. The Defendants support Lead Plaintiff's motion and the entry of this Order. The Court has read and considered the Stipulation and the Exhibits annexed thereto and has read and considered all other papers filed and proceedings had herein, and is otherwise fully informed in the premises.

The Court finds that Plaintiff's Motion for (I) Preliminary Approval of Settlement; (II) Preliminary Certification of the Settlement Class; (III) Approval of Form and Manner of Notice; and (IV) Appointment of Settlement Administrator (ECF No. 74) should be and is hereby **GRANTED**.

Accordingly, it is hereby **ORDERED**:

1. This Order (the "Preliminary Approval Order") incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Order shall have the same meanings as set forth in the Stipulation.

2. The Court preliminarily approves the Stipulation, including the releases contained in the Stipulation, and the Settlement as being fair, reasonable, and adequate to the Settlement Class.

3. Solely for purposes of the Stipulation and the Settlement, the Court now finds and concludes that:

    (a) With respect to all Released Claims: (1) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of the Lead Plaintiff are typical of the claims of the Settlement Class; and (4) the Lead Plaintiff and

his counsel have fairly and adequately represented and protected the interests of all Settlement Class Members; and

  (b)  With respect to all Released Claims: (1) the questions of law and fact that are common to the Settlement Class predominate over any individual questions; and (2) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, considering (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members, (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the Action.

  4.  Solely for purposes of the Stipulation and the Settlement, the Settlement Class is hereby certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure in accordance with the following definition as set forth in the Stipulation: "Settlement Class" or "Settlement Class Members" means all persons and entities who purchased the publicly traded common stock of Penson between March 30, 2007 and August 4, 2011 (the "Class Period"), or that held Penson common stock as of the record date in 2009, 2010, and 2011 (March 23, 2009, March 29, 2010, and March 1, 2011, respectively) and were entitled to vote on the election of Penson's directors. Excluded from the definition of Settlement Class and Settlement Class Members are Defendants; any parent or subsidiary, present or former director, officer, or subsidiary of Penson, any entity in which any excluded person has a controlling interest; and their legal representatives, heirs, successors and assigns, and any immediate family member of an individual defendant. Also excluded are those Persons who timely and validly request exclusion from the Settlement Class in

accordance with the requirements set forth in the Mailed Notice and Rule 23 of the Federal Rules of Civil Procedure.

5. The Court hereby appoints Kaplan Fox & Kilsheimer LLP ("Kaplan Fox") and Schneider Wallace Cottrell Brayton Konecky LLP ("Schneider Wallace") as class counsel.

6. The Court hereby appoints the firm BMC Group, Inc. as Settlement Administrator to supervise and administer the Notice and Summary Notice, and claim procedures, under the supervision of Co-Lead Counsel.

7. The Court approves as to form and content, and for distribution to all potential Settlement Class Members, the "Notice of Pendency and Proposed Settlement of Class Action, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Expenses" ("Notice"); for publication, the Summary Notice of Proposed Settlement of Securities Class Action ("Summary Notice"); and the "Proof of Claim and Release"("Proof of Claim"), attached to the Stipulation as Exhibits A-1, A-2, and A-3, respectively.

8. Solely for purposes of the Stipulation and the Settlement, the Lead Plaintiff is hereby certified as the class representative pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

9. The date and time of the Final Settlement Approval Hearing shall be added to the Notice and the Summary Notice before they are mailed and published, respectively, in accordance with paragraph 11, below.

10. The Court finds that the mailing, publication and distribution of the Notice and Summary Notice substantially in the manner and form set forth, constitutes the best notice practicable under the circumstances, including individual notice to all potential Settlement Class Members who can be identified through reasonable effort, and constitutes valid, due and sufficient

notice to all Persons entitled thereto, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the U.S. Constitution (including the Due Process Clause), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7) (West, Westlaw through P.L. 112-283 approved 1-15-13).

11.     Under the supervision of Co-Lead Counsel, the Settlement Administrator is empowered to supervise and administer the notice procedure, as set forth below:

(a)     Within **fourteen (14) days** from the date the Settlement Amount is paid into the Escrow Account, ("Notice Date"), the Settlement Administrator shall mail or cause to be mailed, by first class mail, postage prepaid, copies of the Notice to all potential Settlement Class Members (who can be identified by Co-Lead Counsel with reasonable effort) to each such Settlement Class Member's last known address; and

(b)     Within **fourteen (14) days** of the Notice Date, the Settlement Administrator shall cause the Summary Notice to be published once in the national edition of the *Wall Street Journal* or *Investor's Business Daily*.

12.     Banks, brokerage firms, institutions, and other Persons who are nominees that purchased Penson common stock for the beneficial interest of other Persons during the Settlement Class Period shall, within **ten (10) calendar days** of receiving the Notice (a) send the Notice to all such beneficial owners, or (b) send a list of the names and addresses of such beneficial owners to the Settlement Administrator, in which event the Settlement Administrator shall promptly mail the Notice to such beneficial owners. The Notice will advise such nominees that their reasonable costs in providing the Notice to such beneficial owners will be reimbursed from the Gross Settlement Fund.

13. At or prior to the Final Settlement Approval Hearing (as defined below), Lead Counsel shall file with the Court and serve on counsel for the Defendants proof by declaration or affidavit of the mailing and publication described in paragraph 11, above.

14. The date for filing objections to the Settlement, the proposed plan of allocation, or Co-Lead Counsel's request for an award of attorneys' fees and reimbursement of expenses is **twenty-one (21) days** prior to the Final Settlement Approval Hearing.

15. Requests for exclusion from members of the Settlement Class must be received by the Settlement Administrator at least **twenty-one (21) calendar days** prior to the Final Settlement Approval Hearing, and the Settlement Administrator shall cause copies of all requests for exclusion received by the Settlement Administrator to be provided to Defendants on a rolling basis but in no event less than **fifteen (15) calendar days** prior to the Final Settlement Approval Hearing.

16. Unless otherwise ordered by the Court, all Persons who fall within the definition of the Settlement Class and who do not timely and validly request to be excluded from the Settlement Class in accordance with the instructions set forth in the Notice shall be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Order of Final Judgment and Dismissal ("Final Judgment") with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

17. For a claim to be considered timely, Potential Settlement Class Members must submit a valid claim form to the Settlement Administrator within **ninety (90) calendar days** of the Notice Date in accordance with the instruction in the Notice and the Proof of Claim.

18. A hearing (the "Final Settlement Approval Hearing") shall be held on **August 23, 2013, at 9:00 a.m.** before the Honorable Reed C. O'Connor, United States District Judge, at the United States District Court for the Northern District of Texas, **1100 Commerce Street, Dallas, Texas 75242, in Courtroom 1310**, for the following purposes:

   (a) to determine whether the Settlement for $6,500,000 in cash, plus interest should be approved as fair, just, reasonable and adequate to Lead Plaintiff and the Settlement Class;

   (b) to determine whether the proposed plan to distribute the Settlement proceeds (the "Plan of Allocation") is fair, just, reasonable and adequate;

   (c) to determine whether the application by Co-Lead Counsel for an award of attorneys' fees and expenses should be approved;

   (d) to determine whether the Class Action should be dismissed with prejudice against the Defendants; and

   (e) to rule upon any other matters that the Court deems necessary to effectuate the terms of the Settlement.

19. Co-Lead Counsel shall confirm the date and time of the Final Settlement Approval Hearing with the Court before mailing the Notice the Settlement Class that is described above in paragraph 11, and promptly notify Defendants of the time and date.

20. All papers in support of the Settlement, Plan of Allocation and Co-Lead Counsel's Application for Attorneys' Fees shall be filed at least **thirty (30) days** prior to the Final Settlement Approval Hearing.

21.     Any Settlement Class Member may appear and show cause (if he, she, or it has any) why the Court should or should not (a) approve the proposed Settlement as set forth in the Stipulation as fair, reasonable and adequate; (b) enter the Final Judgment, substantially in the form of Exhibit B to the Stipulation; (c) approve the Plan of Allocation; (d) approve an application by Co-Lead Counsel for an award of attorneys' fees and reimbursement of expenses; or (e) consider any other matters that may properly be brought before the Court in connection with the Settlement. However, no Person shall be heard with respect to, or shall be entitled to contest, the foregoing matters unless on or before **twenty-one (21) calendar days** prior to the Final Settlement Approval Hearing, that Person has served by hand or by first class mail notice of his, her or its intention to appear, setting forth each objection and the basis therefore, together with copies of any papers and briefs in support of said objections and proof of membership in the Settlement Class, upon (i) (on behalf of Lead Plaintiff) Jeffrey P. Campisi, Kaplan Fox & Kilsheimer LLP, 850 Third Avenue, 14th Floor, New York, NY 10022; (ii) (on behalf of the Penson Defendants) M. Scott Barnard, Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201; (iii) (on behalf of BDO) Robb L. Voyles, Baker Botts L.L.P., 2001 Ross Avenue, Suite 600, Dallas, Texas 75201; and (iv) (on behalf of Thomas Johnson) Greg Weselka, Secore & Waller, L.L.P., 12222 Merit Drive, Suite 1350, Dallas, Texas 75251, and has filed said objections, papers and briefs with the Court. Unless otherwise ordered by the Court, any Settlement Class Member who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the foregoing matters.

22.     The Court may adjourn the Final Settlement Approval Hearing from time to time and without further notice to the Settlement Class. The Court reserves the right to approve the Settlement

at or after the Final Settlement Approval Hearing with such modifications as may be consented to by the Parties and without further notice to the Settlement Class. The Court further reserves the right to enter the Final Judgment, *inter alia*, dismissing the Action with prejudice as to the Defendants at or after the Final Settlement Approval Hearing and without further notice to the Settlement Class.

23. Except as otherwise provided in the Stipulation, no Person who is not a Settlement Class Member or counsel for the Lead Plaintiff shall have any rights to any portion of the Gross Settlement Fund.

24. All reasonable costs and expenses incurred in identifying and providing notice to potential Settlement Class Members and in administering the Gross Settlement Fund shall be paid as set forth in the Stipulation.

25. The Court retains jurisdiction over all proceedings arising out of or related to the Stipulation and/or the Settlement.

26. If for any reason the Settlement does not become effective in accordance with the terms of the Stipulation, this Preliminary Approval Order shall be rendered void and shall be vacated nunc pro tunc, and the provisions of paragraph XI(F) of the Stipulation shall apply.

27. Pending final determination as to whether the Settlement as set forth in the Stipulation should be approved, no Settlement Class Member shall commence, prosecute, pursue or litigate any Released Claim against any of the Released Parties, whether directly, representatively, or in any other capacity, and regardless of whether or not any such Settlement Class Member has appeared in the Action.

**SO ORDERED** on this **13th day** of **May, 2013**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE