IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |  |
|---|---|---|
| REID FRIEDMAN, on behalf of himself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:11-cv-02098-O |
| PENSON WORLDWIDE, INC. et al., | § § § | |
| Defendants. | § § § | |

**ORDER OF FINAL JUDGMENT AND DISMISSAL OF DEFENDANTS PENSON WORLDWIDE, INC., PHILIP A. PENDERGRAFT, KEVIN W. MCALEER, ROGER J. ENGEMOEN, DANIEL P. SON, THOMAS R. JOHNSON, BDO SEIDMAN, LLP AND BDO LLP, USA**

The Court has been informed that Lead Plaintiff, Reid Friedman ("Friedman" or "Lead Plaintiff") and Defendants Penson Worldwide, Inc. ("Penson"), Philip A. Pendergraft ("Pendergraft"), Kevin W. McAleer ("McAleer"), Roger J. Engemoen, Jr. ("Engemoen"), Daniel P. Son ("Son"), and Thomas R. Johnson, ("Johnson") (the "Penson Defendants"); and Defendants BDO Siedman, LLP and BDO USA, LLP ("BDO"), (collectively, the "Defendants"), have reached a mutually agreeable settlement of this Action and have entered into a Stipulation of Settlement, executed on December 28, 2012 (the "Stipulation").

This matter came before the Court for hearing on August 23, 2013, pursuant to the Order of this Court filed May 13, 2013, on the application of the parties for approval of the settlement set forth in the Stipulation.

The Court having heard all persons properly appearing and requesting to be heard, for good cause shown, and upon due consideration of the Stipulation and final order of dismissal;

It is hereby **ORDERED, ADJUDGED and DECREED** that:

1. This Order incorporates by reference the definitions in the Stipulation, and all capitalized terms used in this Order shall have the same meanings as set forth in the Stipulation.

2. This Court has the requisite jurisdiction to consider and enter this Order.

3. This Court hereby dismisses the Action in its entirety as to Defendants, with prejudice and without costs (except as otherwise provided in the Stipulation).

4. The Court finds, for the purposes of the Settlement only, that the prerequisites to a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied.

5. Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this action is hereby certified as a plaintiff class action, on behalf of all persons and entities who purchased the publicly traded common stock of Penson between March 30, 2007 and August 4, 2011 (the "Class Period"), or that held Penson common stock as of the record date in 2009, 2010, and 2011 (March 23, 2009, March 29, 2010, and March 1, 2011, respectively) and were entitled to vote on the election of Penson's directors (the "Settlement Class"). Excluded from the Settlement Class are (a) Defendants; any parent or subsidiary, present or former director, officer, or subsidiary of Penson; any entity in which any Defendant respectively has a controlling interest; and Defendants' respective legal representatives, heirs, successors and assigns, any immediate family member of an individual defendant; and (b) any putative members of the Settlement Class who timely and validly exclude themselves from the Settlement Class in accordance with the requirements set forth in the Mailed Notice and Rule 23 of the Federal Rules of Civil Procedure.

6. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice as to the Lead Plaintiff and the Settlement Class Members, and as against the Released Parties. The parties are to bear their own fees and costs, except as otherwise provided in the Stipulation. The Court notes that no individual Persons validly and timely requested exclusion from the Settlement Class.

7. The Court finds that the Stipulation, and Settlement contained therein, is fair, just, reasonable and adequate as to each of the Parties and the Settlement Class, and that the Stipulation, and Settlement contained therein, is hereby finally approved in all respects, and the Parties are hereby directed to perform its terms.

8. The notice given to the potential Settlement Class Members of the Settlement by mail and publication was the best notice practicable under the circumstances, including the individual notice to all members of the Settlement Class who could be identified through reasonable effort. This was the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirement of due process.

9. Any plan-of-allocation order entered, or any order entered regarding the attorneys' fees application shall in no way disturb or affect this Final Judgment and those orders shall be considered separate from this Final Judgment.

10. Upon the Effective Date, Lead Plaintiff and all members of the Settlement Class and each of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, partners, directors, and agents in their capacity as such,

shall hereby be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Released Parties from the Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Released Claim against any of the Released Parties, directly, indirectly, or in any other capacity, whether or not such members of the Settlement Class execute and deliver a Proof of Claim and Release.

11. Upon the Effective Date, Defendants shall hereby be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever, released, relinquished, settled and discharged the Defendants' Released Claims and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any Defendants' Released Claim against Lead Plaintiff, Settlement Class Members, or their attorneys.

12. In accordance with Section 21D(f)(7)(A) of the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. § 78u-4(f)(7)(A)), all future claims for contribution arising out of the Action—(i) by any person against the settling covered person; and (ii) by the settling covered person against any person, other than a person whose liability has been extinguished by the settlement of the settling covered person—are barred.

13. This Order of Final Judgment and Dismissal is a final judgment in the Action as to all claims among the Released Parties, on the one hand, and Lead Plaintiff and the members of the Settlement Class, on the other.

14. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, of any

allegation made in the Action, or of any wrongdoing or liability of the Defendants, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of the Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Defendants may file the Stipulation and/or the Judgment in any action that may be brought against any of them to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15. Without affecting the finality of this Final Judgment and Dismissal in any way, this Court shall retain jurisdiction over all disputes between and among the parties arising out of the Stipulation, including but not limited to interpretation and enforcement of the terms of the Stipulation.

16. Pursuant to Section 21D(c)(1) of the PSLRA, this Court hereby finds that each Party and its respective counsel has complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to all pleadings and motions related to the Released Claims, and that insofar as it relates to the Released Claims, the Action was not brought for any improper purpose and is not unwarranted by existing law or legally frivolous.

17. In the event that this Order of Final Judgment and Dismissal is reversed on appeal, the provisions of Paragraph XI(F) of the Stipulation shall apply.

18.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

19.     There is no just reason for delay in the entry of this Order of Final Judgment and Dismissal and immediate entry by the Clerk of Court is expressly directed.

**SO ORDERED** on this **23rd day** of **August, 2013.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**